### COMMONWEALTH *vs.* SAMUEL ADAMS.

An indictment for uttering as true a forged promissory note, purporting to be made by A., payable to B. or order, is proved by evidence of the uttering of such note with the indorsement of B.'s name on the back thereof.

THE defendant was indicted for uttering and publishing, as true, to Marshall Jones and John Jones, a certain forged promissory note, with intent to defraud them, knowing the same to be forged and counterfeit. The note was described, in the indictment, as of the following purport and effect : " Wayland, March 15th 1842. For value received, I promise to pay Seth Adams or order forty four dollars and fifty cents, in thirty days from date, with interest.                    Royal Bemis."

At the trial in the court of common pleas, before *Allen,* J., the note produced was of the same tenor, except that it bore, on the back thereof, what purported to be the indorsement of the name of " Seth Adams "; and there was evidence, and it was conceded by the prosecuting officer, that it was so indorsed when it was uttered by the defendant, viz. on the 13th of May 1842. But it did not appear, by any evidence produced, at what time the name of Seth Adams was indorsed on the note.

The defendant objected to the sufficiency of the note produced to support the indictment, and objected to its being given in evidence to the jury, on the ground of variance. But the judge overruled the objection, and the note was permitted to go to the jury, who found the defendant guilty. The defendant thereupon alleged exceptions to the decision and ruling of the judge.

*E. R. Hoar,* for the defendant. If this had been an indictment for forging the note, it would seem, from the case of *Commonwealth* v. *Ward,* 2 Mass. 397, that the objection of variance might not have prevailed. But the uttering was of the whole instrument, including the indorsement of the payee ; and the effect of a note payable to Seth Adams or order is different from its effect when indorsed by Seth Adams. See *Dunn's case,* 2 East P. C. 976. In *State* v. *Handy,* 2 Appleton, 81,

where the defendant was indicted for forging an acquittance for the sum of $48, the paper forged was, on its face, for that sum, but there was, on the back of the paper, an order for the further sum of one dollar; and it was held that there was a variance between the proof and the allegation.

If one offers a forged will and codicil for probate, can he be indicted for offering the will only? Would the present conviction be a bar to an indictment against the defendant for uttering the note and indorsement?

No counsel appeared for the Commonwealth.

WILDE, J. This case cannot be distinguished from the case of *Commonwealth* v. *Ward*, 2 Mass. 397, and we know of no authority or principle of law inconsistent with the decision in that case. The case of *State* v. *Handy*, 2 Appleton, 81, cited by the defendant's counsel, was not an indictment for the forgery of a negotiable note, but of an order, directing an indorsement to be made on a bond. The order directed $48 to be indorsed, and on the back of the order, there was a direction to add one dollar more. And it was decided that this was an order for $49, and that it not being so alleged in the indictment, the variance between the allegation and the proof was fatal. That decision, therefore, has no bearing on the present case.

In an indictment for forgery, it is necessary, undoubtedly, to set out truly the instrument alleged to be forged. And so it was done in the present indictment, unless the indorsement of the payee is to be considered as a part of the note; and we are clearly of opinion that it is not. The indorsement is evidence of a transfer of the note to the defendant, which was a new contract. This was matter of evidence in support of the allegation that the note was uttered with an intention to defraud the persons named in the indictment; but it is not necessary to set forth the manner in which a party was intended to be defrauded.

*Exceptions overruled.*